IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Criminal Case No. 01–cr–00286–EWN
(Appeal of Case No. 01–7004M)

UNITED STATES OF AMERICA,

   Plaintiff/Appellee,

v.

TRACY D. MASON,

   Defendant/Appellant.

---

**ORDER AND MEMORANDUM OF DECISION**

---

Defendant Tracy Mason was charged by information with the misdemeanor offense of driving a vehicle while his ability was impaired in violation of 18 U.S.C. § 13, incorporating Colorado Revised Statutes § 42–4–1301(1)(b).  On November 2, 2000, the court appointed counsel Daniel G. Kay to represent Defendant because Defendant was indigent at the time.  This matter is before the court on Defendant's "Appeal" of the magistrate's order regarding Criminal Justice Act ("CJA") Expert and Attorney Fees, filed November 15, 2002.  Jurisdiction is based on 18 U.S.C. § 3006A.

### *1.  Procedural History*

On April 11, 2001, the trial court found Defendant guilty of driving while his ability was impaired by alcohol or drugs or both.  (Order to Show Cause [filed June 12, 2001] [hereinafter "Order to Show Cause"].)  Following the trial, defense counsel Kay submitted CJA form 21, "Authorization and Voucher for Expert and Other Services (5–99)," dated April 21, 2001.  (*Id.* at 1.)  Kay sought $1,775.00 as compensation for Dr. Sulik's testimony on behalf of Defendant at trial.  On June 12, 2001, United States Magistrate Judge Patricia Coan issued an order to show cause regarding why Kay "could not have anticipated the need to exceed the statutory maximum and sought advance approval as required by statute, administrative regulation, and this [c]ourt's CJA [p]lan."  (*Id.* at 3.)  On June 20, 2001, Defendant filed a response to the magistrate judge's order to show cause.  (Def.'s Resp. to Court's Order to Show Cause [filed June 20, 2001] [hereinafter "Def.'s Resp. to Show Cause"].)  Kay asserted that his "failure to obtain prior approval should be waived based on time constraints the Defendant was under, hopes that a plea bargain would be reached, and . . . counsel's unfamiliarity with the requirements of CJA 21."  (*Id.* at 2.)

Additionally, Kay filed a motion for excess fees.  (Mot. for Excess Fees [filed June 22, 2001] [hereinafter "Mot. for Excess Fees"].)  Kay requested attorneys' fees in excess of the $1,500 misdemeanor limit.  (*Id.*)  Kay asserted that his revised total request "is now $2,148.70 due to additional work required to file [a] Response to Court's Order to Show Cause."  (*Id.*)  On June 25, 2001, Kay filed an amended motion for excess fees.  (Am. Mot. for Excess Fees [filed

2

June 25, 2001] [hereinafter "Am. Mot. for Fees"].) Kay adjusted his request for attorneys' fees to $2089.95. (*Id.*)

On July 19, 2001, the magistrate judge issued her order regarding Defendant's request for additional expert and attorneys' fees. (Order re CJA Expert and Attorney Fees [filed July 19, 2001] [hereinafter "Magistrate's Order"].) Specifically, the magistrate judge determined that: (1) Kay knew about the preauthorization process for expert fees and failed to seek preauthorization; and (2) Kay was not entitled to attorneys' fees in excess of the statutory amount because "this was an average DWAI case that went to trial to the court. The issues were not complex. The motions filed appear to have been boilerplate, routine motions to suppress." (*Id.* at 5–10.)

On July 30, 2001, Kay filed a "Notice of Appeal and Designation of Record" challenging the magistrate judge's order regarding expenses and fees. (Notice of Appeal and Designation of Record [filed July 30, 2001].) On October 28, 2002, I instructed Kay to file his opening brief by November 18, 2002. (Min. Order 10/28/02.) On November 15, 2002, Kay filed his opening brief. (Appellant's Br. [filed Nov. 15, 2002] [hereinafter "Def.'s Br."].) On appeal, Kay contends that the magistrate judge erred in failing to award excess expenses and attorneys' fees in this misdemeanor case. (*Id.* at 3.) Plaintiff did not file an opposition brief.

## 2. *Appeal of Magistrate Judge's Decision*

A federal magistrate judge's judgment in a misdemeanor criminal trial may only be appealed to a federal district court. 18 U.S.C. § 3402. Under Federal Rule of Criminal Procedure 58(g)(2)(D), "[t]he scope of the appeal [from a magistrate judge's judgment] is the same as in an appeal to the court of appeals from a judgment entered by a district court." Fed. R. Crim. P.

58(g)(2)(D). Thus, this court reviews the magistrate judge's denial of attorneys' fees and expert expenses for clear error as to factual findings and de novo as to legal determinations. *See United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992).

### a.   *Expert Fees*

Kay seeks excess fees as compensation for Dr. Sulik's trial preparation and testimony. (Def.'s Br. ¶ 5.) Expert and attorney fees are available under the CJA. 18 U.S.C. § 3006A. The statute provides that:

> Counsel appointed under this section may obtain, subject to later review, investigative, expert, and other services without prior authorization if necessary for adequate representation. Except as provided in subparagraph (B) of this paragraph, the total cost of services obtained without prior authorization may not exceed $300 and expenses reasonably incurred.

18 U.S.C. § 3006A (e)(2)(A). The Tenth Circuit requires an attorney to make these special requests on CJA form 21. *United States v. Gonzales*, 150 F.3d 1246, 1252 (10th Cir. 1998). The instructions on CJA form 21 warn that "[f]ailure to obtain prior authorization will result in the disallowance of any amount claimed for compensation in excess of $300, unless the presiding judicial officer, finds that, in the interest of justice, timely procurement of necessary services could not await prior authorization." CJA 21 Authorization and Voucher for Expert and Other Services.

Kay does not dispute that he failed to seek prior approval for Dr. Sulik's expert fees relating to trial preparation and testimony. (Def.'s Br. ¶ 5.) Kay contends that his failure to obtain prior approval "should be waived based on time constraints the Defendant was under, hopes that a plea bargain would be reached, and the undersigned counsel's unfamiliarity with the

4

requirements of CJA 21." (*Id.*) Kay's arguments are disingenuous. First, the evidence in the record indicates that Kay used Dr. Sulik throughout the entire case. (Magistrate's Order at 3–5.) On January 25, 2001, Kay submitted a preauthorization request for expenses in connection with retesting Defendant's blood at an estimated cost of $45 on a CJA form 21. (*Id.* at 3.) On March 1, 2001, Kay submitted a preauthorization request for an expert "opinion letter regarding differential findings" at an estimated cost of $145 on a CJA form 21. (*Id.*) The court approved both requests. (*Id.*) Dr. Sulik provided the services that formed the basis of both requests. (*Id.*) Based on these facts alone, it is inconceivable that Kay could not have applied for preauthorization of Dr. Sulik's expenses associated with trial preparation and testimony. Thus, Kay's laggard conduct does not meet the "interests of justice" test proscribed above.

Second, Kay's argument that he was unfamiliar with the CJA procedures is woefully disingenuous. Kay sought and received prior approval for expert expenses on at least two occasions prior to the trial. (*Id.* at 5.) On the one hand, Kay took advantage of the CJA's preauthorization requirement for expenses with respect to the blood test and "opinion letter." (*Id.* at 3.) Despite his prior activity, Kay now seeks to claim ignorance with respect to those same procedures. (*Id.*) Kay cannot have it both ways. Accordingly, Kay is not entitled to fees in excess of the statutory maximum.

### b. *Attorneys Fees*

The CJA provides for payment of court appointed counsel. 18 U.S.C. § 3006A(d). The maximum amount of attorney fees which may be paid for defense of a misdemeanor charge, such as this, is $1,500. *Id.* The maximum amount may be waived for "extended or complex"

representation, when the presiding judicial officer "certifies that the amount of the excess payment is necessary to provide fair compensation and the payment is approved by the chief judge of the circuit." 18 U.S.C. § 3006A(d)(3).

Kay requests excess fees in the amount of $648.70 above the statutory amount. (Def.'s Br. ¶ 6.) In support, Kay asserts that the case: (1) was complex because of the issues related to blood testing; and (2) extended because there were extensive motions and the case went to trial. (*Id.*) Kay has not produced any evidence to support this assertion. (*Id.*, *passim*.) Kay simply states, without any support, that "[t]ypical attorney fees for trial on a DUI/DWAI in El Paso County range from $2,500.00 to $7,500.00." (*Id.* ¶ 6.) This not enough to show that the issues were complex. Indeed, nothing in the record suggests that the legal problems in this case were significantly greater than the average DWAI case or that extended representation was required. Additionally, the fact that the case went to trial does not mean it was complex or extended. *See United States v. Greathouse*, No. 96–10057–01, 1997 WL 83396, * 1 (D. Kan. Feb. 5, 1997) (three day trial did not result in complex or extended representation). Accordingly, Kay is not entitled to attorneys' fees in excess of the statutory amount.

### 3.     *Conclusions*

Based on the foregoing it is therefore:

ORDERED that the objection to the magistrate judge's order (# 45) is OVERRULED and the order will stand as the order of this court.

Dated this 24th day of April, 2006.

                                              BY THE COURT:

                                              s/ Edward W. Nottingham
                                              EDWARD W. NOTTINGHAM
                                              United States District Judge